**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALBERT CADE, ADC #106093                                                                                    PLAINTIFF

v.                                            NO. 5:14CV00046 JLH/JTR

STEPHEN WILLIAMS, Warden,
Tucker Unit, Arkansas Department of Correction                                                     DEFENDANT

**OPINION AND ORDER**

Albert Cade is a blind prisoner at the Ouachita River Unit of the Arkansas Department of Correction. While he was in the Tucker Unit, Cade filed several grievances asking that he be taught how to read Braille. Document #1. Warden Stephen Williams initially responded to those grievances by stating that he was working to find an agency that would be able to assist Cade. *Id.* However, according to Cade, Williams never made any arrangements for him to learn to read Braille. *Id.* Cade claims that Williams's failure to do so is a violation of his equal protection rights, as protected by 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act ("ADA"). *Id.* Williams has filed a motion to dismiss, and Cade has responded. Documents #8, #9, #11, and #13. For the following reasons, the motion is granted, and this case is dismissed without prejudice.

**I.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), a complaint must contain "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Mere labels, conclusions, or formulaic recitations of the elements of a cause of action are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Instead, the complaint must contain sufficient facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a motion to dismiss, the court must

accept as true all of the factual allegations in the complaint, and it may consider attached documents. *Id.*; *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

## II.

### A. Section 1983 Equal Protection Claim

A physical disability, such as blindness, does not constitute a suspect classification. *Hansen v. Rimel,* 104 F.3d 189, 190 n.3 (8th Cir. 1997); *More v. Farrier,* 984 F.2d 269, 271 (8th Cir. 1993). Thus, to plead a plausible equal protection claim, Cade must raise facts suggesting that he was intentionally treated differently from similarly situated prisoners and there was no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000); *Nolan v. Thompson*, 521 F.3d 983, 989-90 (8th Cir. 2008); *Klinger v. Dep't. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994).

Williams does *not* allege that he was treated differently from sighted or otherwise non-disabled prisoners. For instance, he does *not* contend that he was denied access to GED courses, vocational training, the prison library, medical care, or other programs and services offered to non-disabled prisoners. Instead, Cade alleges that he was not taught how to read Braille at the Tucker Unit, while blind inmates at the Wrightsville Unit received such training. Document #13, Ex. D. It, however, is well settled that inmates at different prison units are not similarly situated for equal protection purposes. *See Keevan v. Smith*, 100 F.3d 644, 649 (8th Cir. 1996) (holding that prisoners at different units are not similarly situated because the "size of the institution, its location, and the types of inmates housed there necessarily will affect the number, type, and length of programs offered."). Thus, ADC administrators are free to offer different programs at the Wrightsville and Tucker Units without running afoul of the equal protection clause. *Klinger,* 31

F.3d at 732 (explaining that "using an inter-prison program comparison to analyze equal protection claims improperly assumes that the Constitution requires all prisons to have similar program priorities and to allocate resources similarly.").

Cade also alleges that he was treated differently than other disabled prisoners at the Tucker Unit. According to Cade, the Tucker Unit has a Rehabilitation Policy that provides "special management and treatment for developmentally disabled inmates." Document #13 at 4. He, however, has not explained what disabilities the other Tucker inmates had, or what special management or treatment those disabled inmates received. In fact, Cade has not offered any facts to support his conclusory allegation that he was somehow treated differently than other disabled inmates at the Tucker Unit. *See Ashcroft*, 556 U. S. at 678 (holding that mere labels, conclusions, or formulaic recitations of the elements of a cause of action are insufficient to plead a plausible claim for relief). Thus, Cade has failed to plead a plausible equal protection claim.

**B.   ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

State prisons are public entities, as defined by Title II of the ADA. *United States v. Georgia*, 546 U.S. 151, 154, 126 S. Ct. 877, 879, 163 L. Ed. 2d 650 (2006); *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210, 118 S. Ct. 1952, 154-55, 141 L. Ed. 2d 215 (1998). However, Cade has not named the Arkansas Department of Correction as a defendant. Instead, he has only named Warden Williams. An ADA claim can be brought against a state actor, such as Williams, only in his official

capacity. *Dinkins v. Corr. Med. Servs.,* 743 F.3d 633, 634 (8th Cir. 2014); *Randolph v. Rodgers*, 253 F.3d 342, 344 (8th Cir. 2001). Cade cannot recover monetary damages against Williams in his official capacity. *Randolph*, 253 F.3d at 344. Similarly, any request for prospective injunctive relief against Defendant Williams, in his official capacity, is now moot because Plaintiff is no longer in the Tucker Unit. *Id*. at 345-46. Thus, Cade has failed to name a proper defendant to his ADA claim.

Cade's ADA claim is also legally flawed. Title II of the ADA requires prisons to give disabled inmates "meaningful access" to programs and services offered to non-disabled prisoners. *Mason v. Corr. Med. Serv.*, *Inc.*, 559 F.3d 880, 886-87 (8th Cir. 2009). As previously discussed, Cade does *not* allege that he was denied meaningful access to GED programs, vocational training, the prison library, medical services, or any other programs and services offered to non-disabled prisoners. Instead, he seeks access to a special program (being taught to read Braille) that is unavailable to non-disabled prisoners at the Tucker Unit.

Additionally, the ADA requires prisons to provide disabled inmates with "reasonable accommodations," but not necessarily the specific accommodation sought by the prisoner. *Id*. at 886; *see also* 28 C.F.R. § 35.104(2) (defining "auxiliary aids and services" to include: "Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; *or other effective methods* of making visually delivered materials available to individuals who are blind . . . .") (emphasis added). For instance, in *Mason*, the Eighth Circuit held that a prison reasonably accommodated a blind prisoner by providing him with an inmate reader and audio materials. Thus, the ADA did not require that the

prison grant the inmate's request for Braille materials and computer software. *See also Wells v. Thaler*, 460 F. App'x 303, 313 (5th Cir. 2012) (unpublished per curiam) (same).

As in *Mason*, Cade seeks a specific accommodation for his blindness – being taught how to read Braille. Cade does not allege that the failure to receive that accommodation resulted in him being denied meaningful access to programs or services offered to non-disabled inmates at the Tucker Unit. Accordingly, he has failed to plead a plausible ADA claim.

## CONCLUSION

For the forgoing reasons, Williams's motion to dismiss (Document #8) is GRANTED, and this case is dismissed without prejudice. The dismissal constitutes a "strike," as per the "three strikes provision" of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Lewis v. Golden*, No. 5:09CV00315 JMM-JTR, 2009 WL 3418209, at *1 (E.D. Ark. Oct. 21, 2009). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 31st day of October, 2014.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE